IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Criminal Action No. 07–72-GMS |
| | ) |
| LAZARUS MARKUS WILLIAMS a/k/a, | ) |
| LAZARUS M. WILLIAM | ) |
| Defendant. | ) |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Shannon T. Hanson, Assistant United States Attorney, and Colm F. Connolly, United States Attorney for the District of Delaware, and the defendant, Lazarus Markus Williams, by and through his attorney, Luis A. Ortiz, Esquire, the following agreement is hereby entered into by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the District of Delaware to Count One of the Indictment, which charges him with knowingly making a false statement intended and likely to deceive a federally-licensed firearms dealer, in violation of Section 922(a)(6) of Title 18 of the United States Code.

2. The maximum sentence for this offense is a term of imprisonment of ten (10) years, a fine of $250,000, or both, three years of supervised release, and a $100 special assessment.

3.  The defendant understands that if there were a trial, the Government would have to prove, with respect to the charge in the Indictment, Knowingly Making a False Statement to a Federally-Licensed Firearms Dealer, that:

> (1) the defendant knowingly made a false statement to a federally-licensed firearms dealer;
>
> (2) the false statement was made in connection with attempted acquisition of a firearm; and
>
> (3) the statement was intended or likely to deceive such firearms dealer with respect to a fact material to the lawfulness of the sale of the firearm to the defendant.

4.  The defendant admits that, on or about October 9, 2006, in the District of Delaware, in connection with attempted acquisition of a firearm, to wit a 9 mm Lorcin semiautomatic pistol, serial number L057973, at Miller Gun Center, Inc. in New Castle, Delaware, he answered "no" to question 11C on ATF Form 4473, "Have you ever been convicted of a felony, or any other crime, for which the judge could have imprisoned you for more than one year, even if you received a shorter sentence including probation?" when the defendant then and there well knew that, on or about June 20, 2005, he was convicted of carrying a concealed deadly weapon, a crime punishable by a term of imprisonment exceeding one year, in the Superior Court of Delaware in and for New Castle County Delaware.

5.  Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees that in consideration of the defendant's timely guilty plea, the Government will not oppose a two-

point reduction in the Offense Level for the defendant's affirmative acceptance of responsibility.

6. The defendant understands that the Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. Section 3553(a) in determining an appropriate sentence. The defendant further understands that at this time (*i.e.*, prior to the preparation of the Pre-Sentence Report) the government will recommend that the Court impose a sentence consistent with the applicable sentencing range set forth by the Sentencing Guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which is within, or which exceeds or falls below, the sentencing range prescribed by the Sentencing Guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea.

7. The defendant agrees to pay the $100 special assessment on the day of sentencing. Should he fail to do so, the defendant agrees voluntarily to enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

8.  The United States Attorney reserves the right to defend any ruling of the District Court should there be an appeal from this case.

9.  It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and, that any and all promises, representations, and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

COLM F. CONNOLLY
United States Attorney

_____
Luiz A. Ortiz, Esq.
Attorney for Defendant

BY: _____
Shannon T. Hanson
Assistant United States Attorney

_____
Lazarus Markus Williams
Defendant

Dated: September 14, 2007

**AND NOW**, this 14th day of September, 2007, the foregoing Memorandum of Plea Agreement is hereby (accepted) ~~(rejected)~~ by this Court.

_____
Honorable Gregory M. Sleet
Chief Judge
United States District Court



FILED

SEP 14 2007

U.S. DISTRICT COURT
DISTRICT OF DELAWARE